IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN VALDEZ, | No. 2:12-cv-1352-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| MATTHEW CATE, et al., | |
| Defendant. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court are plaintiff's motions for counsel (Doc. 4) and preliminary injunction/ temporary restraining order (Doc. 3).

As to plaintiff request for the appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

1

Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  Plaintiff's complaint demonstrates he has sufficient writing ability and legal knowledge to articulate his claim.  The facts alleged to support his claim are not overly complex, nor do the issues relating to those claim appear to be complex.  In addition, it does not appear at this time, even given the facts as alleged in the complaint, that there is a likelihood of success on the merits.  Plaintiff's request for counsel will therefore be denied at this time.

As for plaintiff's motion for preliminary injunction or temporary restraining order, the legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

Here, plaintiff claims he is being held in the Secured Housing Unit (SHU) at California State Prison Sacramento (CSP-Sac) due to an invalid gang validation, which violated his Due Process rights.  In his motion for injunctive relief, he argues that being held in the SHU

is resulting in his loss of liberty, such as loss of privileges and loss of work credits. While being held in the SHU may be unpleasant, even more so than being imprisoned in the general population, and may result in the denial of certain privileges, plaintiff has not alleged any irreparable harm will be incurred as result of his current housing situation. The loss of privileges and work credits can be compensated if plaintiff is successful on the merits of this action. There is also no indication that the balance of hardship tips in his favor or that an injunction is in the public interest. Indeed, if it is determined that plaintiff has been properly validated as a gang member, and is properly being housed in the SHU, then releasing plaintiff from the SHU prematurely could result in security issues at CSP-Sac. Finally, it does not appear from the facts alleged in the complaint, that there is a likelihood of success on the merits. Plaintiff argues that he was validated as a gang member based on an incomplete investigation and unreliable information, and was not based on his behavior while incarcerated. While these allegations may require further proceedings, there does not appear to be any support for plaintiff's contentions. Plaintiff actually sets forth some of the evidence the prison officials used to validate him as a gang member, and it would appear at this time to be sufficient. Therefore, he has not demonstrated he is likely to succeed on the merits.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel (Doc. 4) is denied; and

2. Plaintiff's motion for preliminary injunction or temporary restraining order (Doc. 3) is denied.

DATED: March 29, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

3