IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN VALDEZ, | No. 2:12-cv-1352-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| MATTHEW CATE, et al., | |
| Defendant. | |
| _____/ | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.  Pending before the court is plaintiff's complaint (Doc. 1) and motion requesting the court to authorize service thereof (Doc. 16).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

1

the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names nineteen individual defendants, alleging each has been involved in some fashion in identifying him as a gang member, validating him as a gang member, and deciding to place him and retain him in administrative segregation based on that validation. He claims he has been denied due process throughout the validation and hearing process. He also alleges the policies, practices and procedures violate his due process rights.

## II. DISCUSSION

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Due process protects against the deprivation of property where there is a legitimate claim of entitlement to the property. See Bd. of Regents, 408 U.S. at 577. Protected property interests are created, and their dimensions are defined, by existing rules that stem from an independent source – such as state law – and which secure certain benefits and support claims of entitlement to those benefits. See id.

Liberty interests can arise both from the Constitution and from state law. See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976); Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993). In determining whether the Constitution itself protects a liberty interest, the court should consider whether the practice in question ". . . is within the normal limits or range of custody which the conviction has authorized the State to impose." Wolff, 418 U.S. at 557-58; Smith, 994 F.2d at 1405. Applying this standard, the Supreme Court has concluded that the Constitution itself provides no liberty interest in good-time credits, see Wolff, 418 U.S. at 557; in remaining in the general population, see Sandin v. Conner, 515 U.S. 472, 485-86 (1995); in not losing privileges, see Baxter v. Palmigiano, 425 U.S. 308, 323 (1976); in staying at a particular institution, see Meachum, 427 U.S. at 225-27; or in remaining in a prison in a particular state, see Olim v. Wakinekona, 461 U.S. 238, 245-47 (1983).

In determining whether state law confers a liberty interest, the Supreme Court has adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. See Sandin v. Connor, 515 U.S. 472, 481-84 (1995). In doing so, the Court has held that state law creates a liberty interest deserving of protection only where the deprivation in question: (1) restrains the inmate's freedom in a manner not expected from the sentence; and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 483-84. Prisoners in California have a liberty interest in the procedures used in prison disciplinary hearings where a successful claim would not necessarily shorten the prisoner's sentence. See Ramirez v. Galaza, 334 F.3d 850, 853, 859 (9th Cir. 2003) (concluding that a due process challenge to a prison disciplinary hearing which did not result in the loss of good-time credits was cognizable under § 1983); see also Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (concluding that claims which did not seek earlier or immediate release from prison were cognizable under § 1983).

///

1        Here, plaintiff alleges most of the defendants were personally involved in the gang
2   validation process and decision to place him in administrative segregation.  However, he claims
3   three individual defendants, Foston, Stark and Mayhew, were only involved in the review of his
4   inmate grievance appeal, and were not involved in the actual determinations.
5        Prisoners have no stand-alone due process rights related to the administrative
6   grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v.
7   Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling
8   inmates to a specific grievance process).  Because there is no right to any particular grievance
9   process, it is impossible for due process to have been violated by ignoring or failing to properly
10  process grievances.   Numerous district courts in this circuit have reached the same conclusion.
11  See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly
12  process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863
13  (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address
14  grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL
15  29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process
16  a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967
17  (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function
18  properly failed to state a claim under § 1983).  Prisoners do, however, retain a First Amendment
19  right to petition the government through the prison grievance process.  See Bradley v. Hall, 64
20  F.3d 1276, 1279 (9th Cir. 1995).  Therefore, interference with the grievance process may, in
21  certain circumstances, implicate the First Amendment.
22       There are no allegations that plaintiff was unable to petition his grievance.
23  Rather, he only claims defendants Foston, Stark and Mayhew denied his grievances.  This is
24  insufficient to state claim, and defendants Foston, Stark and Mayhew will be dismissed from this
25  action.
26  / / /

### III.  CONCLUSION

The complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against defendants Cate, Virga, Johnson-Dovey, Villasenor, Ventimiglia, Beeson, Jakabosky, Wallace, Cannedy, Finnegan, May, O'Brian, Jubb, Guzman, Rothchild and Kokkonen.  If the allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.  The court, therefore, finds that service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs.  Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies with this order.  Plaintiff is warned that failure to comply with this order may result in dismissal of the action.  See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for service of the complaint (Doc. 16) is granted to the extent consistent with this order;

2. Plaintiff fails to state a cognizable claim against defendants Foston, Stark and Mayhew, , who are dismissed from this action;

3. The court authorizes service on the following defendant(s):  CATE, VIRGA, JOHNSON-DOVEY, VILLASENOR, VENTIMIGLIA, BEESON, JAKABOSKY, WALLACE, CANNEDY, FINNEGAN, MAY, O'BRIAN, JUBB, GUZMAN, ROTHCHILD and KOKKONEN;

4. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant identified above, one summons, an instruction sheet, and a copy of the complaint; and

5. Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

///

c. Sixteen completed USM-285 form(s); and

d. Seventeen copies of the endorsed complaint.

DATED: September 30, 2013

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUBEN VALDEZ, | No. 2:12-cv-1352-CMK-P |
| Plaintiff, | |
| vs. | |
| MATTHEW CATE, et al., | |
| Defendant. | |
| _____/ | |

<u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

Plaintiff hereby submits the following documents in compliance with the court's order:

   <u>  1  </u>    completed summons form;

   <u>     </u>    completed USM-285 form(s); and

   <u>     </u>    copies of the complaint.

DATED: _____      _____

                                                          Plaintiff