IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN VALDEZ, | No. 2:12-cv-1352-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| MATTHEW CATE, et al., | |
| Defendant. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for leave to amend (Doc. 32), together with a proposed amended complaint. Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may amend his pleading once as a matter of right at any time before being served with a responsive pleading. A review of the docket reflects that no responsive pleading has been served. Therefore, plaintiff's motion is unnecessary.

However, as a prisoner proceeding in forma pauperis, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. §§ 1915(e)(2) and 1915A(a). The Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

1

R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). Here, plaintiff's complaint is 85 pages long, with well over 50 pages of attached documents which purportedly support the factual allegations against the defendants. This pleading method does not satisfy the requirement of Rule 8(a) that claims must be stated simply, concisely, and directly. To the contrary, plaintiff's complaint would require the court to comb through almost 150 pages of documents in order to determine whether plaintiff has stated any claims upon which relief can be granted. In addition, it appears that plaintiff is attempting to add defendants and claims that have already been dismissed from this case, as well as adding additional defendants and claims without explaining to the court whether the new claims and defendants are even remotely related to the existing ones. The court is unwilling to do this in part due to limited judicial resources but also because it is for plaintiff – not the court – to formulate his claims in a way that satisfies the rules. The amended complaint will be dismissed with leave to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (Doc. 33) is dismissed; and

2. Plaintiff's motion to amend the complaint (Doc. 32) is denied without prejudice to renewal, within 30 days of the date of this order, accompanied by a proposed amended complaint that satisfies Rule 8's pleading requirements.

DATED: November 22, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE