IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN VALDEZ, | No. 2:12-cv-1352-CMK-P |
|     Plaintiff, | |
|   vs. | ORDER |
| MATTHEW CATE, et al., | |
|     Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court is defendants' motion for judgment on the pleadings (Doc. 60), plaintiff opposition (Doc. 66), and defendants' reply brief (Doc. 67).

**I. Background**

This action proceeds on plaintiff's amended complaint (Doc. 42). Plaintiff is challenging the procedures used for validating him as a gang member. He alleges his due process rights were violated during the gang validation process, and in the decision to place and/or retain plaintiff in administrative segregation based on that gang validation.

## II. Motion to Dismiss

Defendants bring this motion for judgment on the pleadings pursuant to Rule 12(c) on the grounds that this action is barred by the doctrine of collateral estoppel, or alternatively, that plaintiff's amended complaint fails to state a claim.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but within such time as not to delay the trial – a party may move for judgment on the pleadings." Rule 12(c) motions for judgment on the pleadings are the functional equivalent of a motion to dismiss pursuant to Rule 12(b)(6). See Dworkin v. Hustler Mag., Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). Therefore, in considering either a motion to dismiss or motion for judgment on the pleadings, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

In deciding a Rule 12(b)(6) or 12(c) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3)

1 documents and materials of which the court may take judicial notice, see Barron v. Reich, 13
2 F.3d 1370, 1377 (9th Cir. 1994).

3       Defendants contend this action should be dismissed on the basis of collateral
4 estoppel.  Defendants argue that plaintiff raised this same issues with the state court in a habeas
5 petition, which has been denied, and plaintiff is therefore precluded from raising the issue in a
6 subsequent action.  Plaintiff counters that the state habeas was a summary denial, thus does not
7 have preclusive effects.

8       Under the doctrine of res judicata, or claim preclusion, an action may be barred
9 where an earlier action involved the same claim and parties, and reached a final judgment on the
10 merits.  See Nordhorn v. Ladish Co, Inc., 9 F.3d 1402, 1404 (9th Cir. 1993).  A decision in a
11 prior habeas corpus action under 28 U.S.C. § 2254 can have preclusive effect in a subsequent
12 civil rights action under 42 U.S.C. § 1983.  See Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir.
13 1992) (federal habeas); Sperl v. Deukmejian, 642 F.2d 1154, 1155 (9th Cir. 1981) (state habeas).
14 Thus, a subsequent § 1983 action is barred if the identical claim was raised in a prior § 2254
15 case.  See id.  Similarly, under the doctrine of collateral estoppel, or issue preclusion, any issue
16 necessarily and finally decided in an earlier action may not be relitigated in a later case involving
17 a party to the prior action.  See Allan v. McCury, 449 U.S. 90, 94 (1980); see also Hawkins, 984
18 F.2d at 325.

19       The Ninth Circuit recently addressed the very issue raised in this case in Gonzales
20 v. California Department of Corrections, 739 F.3d 1226 (9th Cir. 2014).  In Gonzales, the Ninth
21 Circuit specifically found that "*reasoned* denials of California habeas petitions, as in this case, do
22 have claim-preclusive effect."  Id. at 1231 (emphasis in original).  To the extent plaintiff
23 contends the state habeas opinion issued in his case was a summary denial, he misunderstands
24 the difference between a reasoned denial and a summary denial.  While it may be the case that
25 the superior court did not issue an order to show cause and hold an evidentiary hearing in
26 response to plaintiff's petition, where the state court did in Gonzales, the decision by the state

court still addressed the merits of his petition in a reasoned decision.  Thus, it constitutes a decision on the merits, and has preclusive effects.  To the extent plaintiff argues he did not receive a full and fair opportunity to litigate the claims raised in his state habeas petition, the undersigned is not persuaded.  Based on the information plaintiff provided the state court, it was determined on the face of the petition that plaintiff could not state a claim.  That determination would not have been altered if the state court had ordered the government to show cause or required a response from the government.  Thus, the state habeas opinion issued in this case does have preclusive effects.

"Under California's doctrine of claim preclusion, 'all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date." Id. at 1232 (quoting Mycogen Corp. v. Monsanto Co., 123 Cal.Rptr. 2d 432, 51 P.3d 297, 302 (Cal. 2002)).  "A '"cause of action" is comprised of a "primary right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting a breach of that duty.'" Id. at 1232-33 (quoting Crowley v. Katleman, 8 Cal.4th 666, 34 Cal.Rptr.2d 386, 881 P.2d 1083, 1090 (1994)).  "'[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.'" Id. at 1233 (quoting Eichman v. Fotomat Corp., 147 Cal.App.3d 1170, 197 Cal.Rptr. 612, 614 (1983)).  "'If the same primary right is involved in two actions, judgment in the first bars consideration not only of all matters actually raised in the first suit but also all matters which could have been raised.'" Id. (quoting Eichman, 147 Cal.Rptr. at 614).  "'[U]nder the primary rights theory, the determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right.'" Id. (quoting Boeken v. Philip Morris USA, Inc., 48 Cal.4th 788, 108 Cal.Rptr.3d 806, 230 P.3d 342, 348 (2010)).

///

As in <u>Gonzales</u>, the primary right at issue in both this case and the state habeas action was plaintiff's due process right in remaining free from administrative segregation. The harm plaintiff suffered was the gang validation and indeterminate administrate segregation based on allegedly insufficient or unreliable evidence. Both cases involve the same actions taken by the same officials at the same time. Thus, they arise under the same primary right.

The state habeas court evaluated plaintiff's claims, discussed the items used to validate plaintiff's gang membership, and found[1] no due process violation. (Opp., Doc. 60-2, at 6-7). The court concluded under <u>Sandin v. Conner</u>, 515 U.S. 472 (1995) and <u>In re Johnson</u>, 176 Cal.App.4th 290 (Cal. App. 2009), "a determination of a matter such as gang affiliation does not involve any atypical or significant hardship on an inmate in relation to the ordinary incidents of prison life." (Opp., Doc. 60-2, at 7). The state habeas court further determined that even if not barred,

> petitioner would not be entitled to relief from his gang validation, because clearly there was 'some evidence' to support the gang validation. As described above, four independent sources evidenced petitioner's membership in the gang. Petitioner does not attach any reasonably available documentary evidence to show that any of these four items should not have been considered. He disputes their accuracy, but only by his own assertions; as such, he does not demonstrate that any of the four items should be precluded from being considered as 'some evidence' of gang membership."

(Opp., Doc. 60-2, at 8).

Based on this issued raised in petitioner's state habeas petition, and the findings by the state habeas court, the undersigned finds collateral estoppel is applicable, and defendant's motion for judgment on the pleadings should be granted accordingly.

---

[1] Defendants request the court take judicial notice of the Sacramento County Superior Court opinion of July 27, 2011. The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See <u>U.S. v. 14.02 Acres of Land</u>, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, see <u>Kasey v. Molybdenum Corp. of America</u>, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see <u>Chandler v. U.S.</u>, 378 F.2d 906, 909 (9th Cir. 1967). The request is therefore granted.

1          Even if collateral estoppel did not apply, the court finds defendants' argument that
2 the complaint fails to state a claim persuasive.  Due process claims related to gang validation are
3 "subject to the 'some evidence' standard of Superintendent v. Hill, [472 U.S. 445,455 (198)] . . .
4 not the heightened standard of Wolff v. McDonnell, 418 U.S. 539 (1974)."  Bruce v. Ylst, 351
5 F.3d 1283, 1287 (9th Cir. 2003).  Under Wolff, due process requires prison officials to provide
6 the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that
7 includes the charges, a description of the evidence against the inmate, and an explanation for the
8 disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses,
9 unless calling witnesses would interfere with institutional security; and (3) legal assistance where
10 the charges are complex or the inmate is illiterate.  See Wolff, 418 U.S. at 563-70.  Due process
11 is satisfied where these minimum requirements have been met.  See Walker v. Sumner, 14 F.3d
12 1415, 1420 (9th Cir. 1994).  Under Hill, however, due process only requires there to be "some
13 evidence" in the record as a whole which supports the decision.  See Hill, 472 U.S. at 455.  The
14 "some evidence" standard is not particularly stringent and is satisfied where "there is any
15 evidence in the record that could support the conclusion reached."  Id. at 455-56.
16          Here, plaintiff alleges in his complaint that the defendants used four items to
17 validate him as a member of the Northern Structure (NS) gang: plaintiff's tattoos and body
18 markings, two confidential memorandum in which two NS rosters identified plaintiff as a
19 member, and a confidential memorandum in which plaintiff was identified as being in possession
20 of gang notes.  He objects to the use of these items as they are unreliable, conclusory, hearsay,
21 and did not meet the validation requirements.  Plaintiff further alleges in his complaint that he
22 was interviewed in response to these items during the validation process, was provided notice
23 and an opportunity to be heard. He also states he was personally interviewed and allowed to rebut
24 each source item.  While plaintiff contests the sufficiency of the evidence, he does not contest
25 that he was in fact interviewed and allowed to present his rebuttal to the evidence.  Therefore, it
26 is clear from the allegations in the complaint that if Wolff standards are used, plaintiff received

the process he was due, notice and an opportunity to be heard.

As for the source items themselves, they clearly have some indicia of reliability and could support the conclusion reached. While plaintiff objects to the reliability of the items used, none of his arguments are persuasive.[2] Plaintiff avers on information and belief that defendant Villasenor failed to verify the information he used to validate plaintiff's membership in NS. However, as clearly set forth in the complaint, defendant Villasenor certified based on his experience and training, the source items show plaintiff's membership therein. Plaintiff merely speculates that the information is unreliable. Such speculation is simply insufficient. See Iqbal, 556 U.S. at 678-79.

### III. Conclusion

Based on the foregoing, the undersigned finds that collateral estoppel is applicable to bar plaintiff from proceeding on his challenge to his gang membership validation and the motion for judgment on the pleadings should be granted. Alternatively, the undersigned finds plaintiff's complaint fails to state a claim for denial of due process as there is some evidence to support the defendants' determination as to plaintiff's membership in the Northern Structure gang.

Based on those findings, the remaining motions pending before the court are rendered moot. Specifically, plaintiff's motion to compel (Doc. 69) is moot as no additional discovery will occur in this matter. Plaintiff's motion for leave to file a third amended complaint (Doc. 73) is moot, as the proposed amendments will not save the complaint based on the above discussion. Similarly, as no amendment will be allowed, plaintiff's motion for additional time to

---

[2] To the extent plaintiff claims the prison officials violated the settlement agreement in Castillo (apparently a case out of the Northern District), plaintiff has not adequately plead such a claim in his complaint. He fails to allege sufficient facts to indicate he is subject to that settlement agreement, was a party to that action or otherwise included in the alleged settlement, or that the defendants have in fact violated the same. Defendants content that the procedural protections provided in the settlement agreement plaintiff has attached to his opposition are already included in Title 15, section 3378 at the time of Plaintiff's validation.

file a reply (Doc. 76) is unnecessary.

    Accordingly, IT IS HEREBY ORDERED that:

    1. Defendants' motion for judgment on the pleading (Doc. 60) is granted;

    2. The Clerk of the Court is directed to enter judgment and close this case; and

    3. All pending motions are denied as moot.

DATED: September 30, 2016

               _____
               **CRAIG M. KELLISON**
               UNITED STATES MAGISTRATE JUDGE