**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

RUBEN VALDEZ,

       Plaintiff,

    vs.

MATTHEW CATE, et al.,

       Defendant.

_____/

No. 2:12-cv-1352-JAM-CMK-P

<u>FINDINGS AND RECOMMENDATION</u>

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  This matter is before the undersigned following remand by the Ninth Circuit Court of Appeals for proper consideration of defendants' motion for judgment on the pleadings (Doc. 60).

## I.  BACKGROUND

        This action proceeds on plaintiff's amended complaint (Doc. 42).  Plaintiff is challenging the procedures used for validating him as a gang member.  He alleges his due process rights were violated during the gang validation process, and in the decision to place and/or retain plaintiff in administrative segregation based on that gang validation.

## II.  STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants bring this motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on the grounds that this action is barred by the doctrine of collateral estoppel, or alternatively, that plaintiff's amended complaint fails to state a claim.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but within such time as not to delay the trial – a party may move for judgment on the pleadings."  Rule 12(c) motions for judgment on the pleadings are the functional equivalent of a motion to dismiss pursuant to Rule 12(b)(6).  See Dworkin v. Hustler Mag., Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).  Therefore, in considering either a motion to dismiss or motion for judgment on the pleadings, the court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

In deciding a Rule 12(b)(6) or 12(c) motion, the court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3)

documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

### III. DISCUSSION

Defendants contend this action should be dismissed on the basis of collateral estoppel. Defendants argue that plaintiff raised this same issues with the state court in a habeas petition, which has been denied, and plaintiff is therefore precluded from raising the issue in a subsequent action. Plaintiff counters that the state habeas was a summary denial, thus does not have preclusive effects.

Under the doctrine of res judicata, or claim preclusion, an action may be barred where an earlier action involved the same claim and parties, and reached a final judgment on the merits. See Nordhorn v. Ladish Co, Inc., 9 F.3d 1402, 1404 (9th Cir. 1993). A decision in a prior habeas corpus action under 28 U.S.C. § 2254 can have preclusive effect in a subsequent civil rights action under 42 U.S.C. § 1983. See Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir. 1992) (federal habeas); Sperl v. Deukmejian, 642 F.2d 1154, 1155 (9th Cir. 1981) (state habeas). Thus, a subsequent § 1983 action is barred if the identical claim was raised in a prior § 2254 case. See id. Similarly, under the doctrine of collateral estoppel, or issue preclusion, any issue necessarily and finally decided in an earlier action may not be relitigated in a later case involving a party to the prior action. See Allan v. McCury, 449 U.S. 90, 94 (1980); see also Hawkins, 984 F.2d at 325.

The Ninth Circuit recently addressed the very issue raised in this case in Gonzales v. California Department of Corrections, 739 F.3d 1226 (9th Cir. 2014). In Gonzales, the Ninth Circuit specifically found that "*reasoned* denials of California habeas petitions, as in this case, do have claim-preclusive effect." Id. at 1231 (emphasis in original). To the extent plaintiff contends the state habeas opinion issued in his case was a summary denial, he misunderstands the difference between a reasoned denial and a summary denial. While it may be the case that

the superior court did not issue an order to show cause and hold an evidentiary hearing in
response to plaintiff's petition, where the state court did in <u>Gonzales</u>, the decision by the state
court still addressed the merits of his petition in a reasoned decision.  Thus, it constitutes a
decision on the merits, and has preclusive effects.  To the extent plaintiff argues he did not
receive a full and fair opportunity to litigate the claims raised in his state habeas petition, the
undersigned is not persuaded.  Based on the information plaintiff provided the state court, it was
determined on the face of the petition that plaintiff could not state a claim.  That determination
would not have been altered if the state court had ordered the government to show cause or
required a response from the government.  Thus, the state habeas opinion issued in this case does
have preclusive effects.

"Under California's doctrine of claim preclusion, 'all claims based on the same
cause of action must be decided in a single suit; if not brought initially, they may not be raised at
a later date." <u>Id.</u> at 1232 (quoting <u>Mycogen Corp. v. Monsanto Co.</u>, 123 Cal.Rptr. 2d 432, 51
P.3d 297, 302 (Cal. 2002)).   "A '"cause of action" is comprised of a "primary right" of the
plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant
constituting a breach of that duty."' <u>Id.</u> at 1232-33 (quoting <u>Crowley v. Katleman</u>, 8 Cal.4th 666,
34 Cal.Rptr.2d 386, 881 P.2d 1083, 1090 (1994)).  "'[I]f two actions involve the same injury to
the plaintiff and the same wrong by the defendant then the same primary right is at stake even if
in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief
and/or adds new facts supporting recovery."' <u>Id.</u> at 1233 (quoting <u>Eichman v. Fotomat Corp.</u>, 147
Cal.App.3d 1170, 197 Cal.Rptr. 612, 614 (1983)).  "'If the same primary right is involved in two
actions, judgment in the first bars consideration not only of all matters actually raised in the first
suit but also all matters which could have been raised."' <u>Id.</u> (quoting <u>Eichman</u>, 147 Cal.Rptr. at
614).  "'[U]nder the primary rights theory, the determinative factor is the harm suffered. When
two actions involving the same parties seek compensation for the same harm, they generally
involve the same primary right."' <u>Id.</u> (quoting <u>Boeken v. Philip Morris USA, Inc.</u>, 48 Cal.4th

4

1    788, 108 Cal.Rptr.3d 806, 230 P.3d 342, 348 (2010)).

2           As in <u>Gonzales</u>, the primary right at issue in both this case and the state habeas

3    action was plaintiff's due process right in remaining free from administrative segregation.  The

4    harm plaintiff suffered was the gang validation and indeterminate administrate segregation based

5    on allegedly insufficient or unreliable evidence.  Both cases involve the same actions taken by

6    the same officials at the same time.  Thus, they arise under the same primary right.

7           The state habeas court evaluated plaintiff's claims, discussed the items used to

8    validate plaintiff's gang membership, and found[1] no due process violation.  (Opp., Doc. 60-2, at

9    6-7).  The court concluded under <u>Sandin v. Conner</u>, 515 U.S. 472 (1995) and <u>In re Johnson</u>, 176

10   Cal.App.4th 290 (Cal. App. 2009), "a determination of a matter such as gang affiliation does not

11   involve any atypical or significant hardship on an inmate in relation to the ordinary incidents of

12   prison life."  (Opp., Doc. 60-2, at 7).  The state habeas court further determined that even if not

13   barred,

14            petitioner would not be entitled to relief from his gang validation,
             because clearly there was 'some evidence' to support the gang
15            validation.  As described above, four independent sources
             evidenced petitioner's membership in the gang.  Petitioner does not
16            attach any reasonably available documentary evidence to show that
             any of these four items should not have been considered.  He
17            disputes their accuracy, but only by his own assertions; as such, he
             does not demonstrate that any of the four items should be
18            precluded from being considered as 'some evidence' of gang
             membership."
19
             (Opp., Doc. 60-2, at 8).
20

21   / / /

22

23           [1]     Defendants request the court take judicial notice of the Sacramento County
     Superior Court opinion of July 27, 2011.  The court may take judicial notice pursuant to Federal
24   Rule of Evidence 201 of matters of public record.  <u>See</u> <u>U.S. v. 14.02 Acres of Land</u>, 530 F.3d
     883, 894 (9th Cir. 2008).  Thus, this court may take judicial notice of state court records, <u>see</u>
25   <u>Kasey v. Molybdenum Corp. of America</u>, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own
     records, <u>see</u> <u>Chandler v. U.S.</u>, 378 F.2d 906, 909 (9th Cir. 1967).  The request is therefore
26   granted.

Based on this issued raised in petitioner's state habeas petition, and the findings by the state habeas court, the undersigned finds collateral estoppel is applicable.

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that defendants' motion for judgment on the pleadings (Doc. 60) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 29, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE